**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
EAST END ERUV ASSOCIATION, INC.,
MARVIN TENZER, MORRIS TUCHMAN,
CLINTON GREENBAUM, ALAN, H.
SCHECHTER,CAROL SCHECHTER, SIMCHA
POLLACK, DEBORAH POLLACK, JEFFREY
LEAN, ALEXA LEAN,

                                                                                       **ORDER**

                            Plaintiffs,                                  CV 11-213 (AKT)

         - against -


THE VILLAGE OF WESTHAMPTON BEACH,
and THE VILLAGE OF QUOGUE,

                            Defendants.
-------------------------------------------------------------X
VERIZON NEW YORK INC. and
LONG ISLAND LIGHTING COMPANY
d/b/a LIPA,

                            Plaintiffs,


         - against -
                                                                CV 11-252 (AKT)

THE VILLAGE OF WESTHAMPTON BEACH,
THE VILLAGE OF QUOGUE and
THE TOWN OF SOUTHAMPTON,

                            Defendants.

-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Presently before the Court are two identical letter motions by the Jewish People for the

Betterment of Westhampton Beach a/k/a Jewish People Opposed to the Eruv ("JPOE") seeking

relief pursuant to Fed. R. Civ. P. 60(b)(6) from Judge Wexler's March 21, 2013 Orders denying

JPOE's motions to intervene as a defendant in these actions ("the March 21, 2013 Orders"). *See* DE 271 in 11-CV-213 ("EEEA Action"); DE 138 in 11-CV 252 ("Verizon Action") (collectively, "JPOE Mots.").[1] The March 21, 2013 Orders were affirmed by the United States Court of Appeals for the Second Circuit on March 3, 2014. *See* March 3, 2014 Summary Order [EEEA Action DE 249, Verizon Action DE 120]; *see also Verizon New York Inc. v. Jewish People for Betterment of Westhampton Beach*, 556 F. App'x 50, 50-52 (2d Cir. 2014).

JPOE asks this Court to grant Rule 60(b)(6) relief "in the interest of justice" on the theory that plaintiffs East End Eruv Association ("EEEA"), Verizon New York, Inc. ("Verizon"), and Long Island Lighting Association ("LIPA") (collectively, "Plaintiffs") have changed their "legal position" by challenging the standing of Defendant Village of Westhampton Beach ("WHB") to defend these actions under the Establishment Clause of the First Amendment. JPOE Mots. at 2. According to JPOE, Plaintiffs' argument that WHB lacks standing to assert Establishment Clause claims is "diametrically contrary" to the position Plaintiffs advanced in opposition to JPOE's motion to intervene that "the municipal defendants can adequately protect the Establishment Clause interest sought to be asserted by JPOE in these cases." *Id.* Plaintiffs oppose JPOE's motions on the grounds that they are untimely and, in any event, do not demonstrate JPOE's entitlement to the "extraordinary relief" it now seeks. EEEA Action DE 271; Verizon Action DE 144.

---

[1] Judge Wexler originally denied JPOE's motions to intervene in an oral ruling. *See* Elec. Order of Feb. 4, 2013 in EEEA Action and Verizon Action. He later confirmed his ruling in the March 21, 2013 Orders. *See* EEEA Action DE 196; Verizon Action DE 96. The parties thereafter filed consents to the jurisdiction of a United States Magistrate Judge for all purposes. *See* EEEA Action DE 200; Verizon Action DE 98. The pending matters were then transferred to this Court. *See* Verizon Action DE 100; EEEA Action DE 202.

Rule 60(b) allows a court to relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). JPOE has moved pursuant to Rule 60(b)(6) which "'confers broad discretion on the trial court to grant relief when appropriate to accomplish justice.'" *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986), *cert. denied*, 480 U.S. 908 (1987)); *see generally* Fed. R. Civ. P. 60(b)(6) (allowing a court to relieve a party of a judgment "for any . . . reason that justifies relief."). "Since [Rule] 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "A motion for relief from judgment is generally not favored" and the burden of proof is on JPOE as the party seeking relief from the March 21, 2013 Orders. *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)).

In light of the applicable law and the circumstances presented here, JPOE has, for several reasons, failed to demonstrate its entitlement to Rule 60(b) relief. First, JPOE's letter motions are untimely. Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time" after the entry of the final judgment or order. Fed. R. Civ. P. 60(c)(1). "The Second Circuit has interpreted a 'reasonable time' as eighteen months, unless the movant shows

3

good cause for the delay or mitigating circumstances." *Wells v. New York City Transit Auth.*, No. 13-CV-4965, 2013 WL 6409457, at *3 (S.D.N.Y. Dec. 9, 2013) (citing *Rowe Entm't v. William Morris Agency, Inc.*, 2012 WL 5464611, *2 (S.D.N.Y. Nov.8, 2012); *see Maisonet v. Conway*, No. 04-CV -2860, 2011 WL 317833, at *3 n.3 (E.D.N.Y. Jan. 31, 2011) (noting that "[c]ourts in the Second Circuit have found delays exceeding eighteen months to be unreasonable absent mitigating circumstances" and collecting cases).

Here, JPOE filed its letter motions seeking Rule 60(b)(6) relief on October 15, 2014 – more than 18 months after the entry of the March 21, 2013 Orders denying JPOE's motions to intervene. *See generally* JPOE Mots. JPOE has not provided the Court with any "good cause" reason for its delay in making the instant motions, nor has it pointed to any mitigating circumstances for the Court to consider. The Court notes that JPOE appears to suggest that it first learned of Plaintiffs' alleged change in legal position on October 3, 2014 when Verizon and LIPA (collectively, "the Utilities") filed their memorandum of law in opposition to the motion by WHB for an expedited appeal in the Verizon Action. *See* JPOE Mots. at 1-2 (citing Verizon and LIPA's Joint Memorandum of Law in Opposition to Westhampton Beach's Motion for Interlocutory Appeal of the June 16, 2014 Order [DE 141], annexed as Ex. A to JPOE Mots., at 12). However, JPOE's suggestion that it was unaware prior to October 3, 2014 that the Utilities challenged WHB's standing to assert an Establishment Clause claim is belied by prior submissions in this litigation in which the Utilities made that very argument. *See, e.g.*, LIPA's Answer to WHB's Counterclaims, filed Aug. 2, 2012, Verizon Action DE 62, at 10; Verizon's Answer to WHB's Counterclaims, filed Aug. 2, 2012 Verizon Action DE 63, at 12; LIPA's Memorandum of Law in Opposition to WHB's Motion for Summary Judgment, filed Sept, 27, 2012, Verizon Action DE 73-9, at 13-14. Accordingly, JPOE cannot rely on the Utilities'

4

October 3, 2014 filing as a "mitigating circumstance" excusing its failure to timely move for Rule 60(b)(6) relief.

JPOE mentions in a single sentence in its motions that Plaintiffs committed "deliberate fraud on the court" which warrants relief under Rule 60(d)(3). JPOE Mots. at 3. The Court points out that JPOE's passing reference to Rule 60(d)(3) falls well short of the showing required to establish that JPOE is entitled to relief under that provision. In any event, JPOE's claim that Plaintiffs committed "fraud" is also untimely. Rule 60(d)(3) provides that, notwithstanding the other provisions of Rule 60, the Court has the power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Although JPOE cites Rule 60(d)(3), its allegations of fraud properly fall under Rule 60(b)(3), which provides that a court may relieve a party of a final judgment or order for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). A motion under Rule 60(b)(3) has a strict one-year statute of limitations. *See id.* at 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time-and for [motions under Rule 60(b)(1), (b)(2), or (b)(3)] no more than a year after the entry of the . . . order" from which the party seeks relief).

Courts in this Circuit have made clear that "'[a] movant whose allegations properly fall under Rule 60(b)(3) but who inexcusably fails to file a timely claim for relief within Rule 60(b)(3)'s one year statute of limitations may not salvage the claim by filing under Rule 60(d)(3) instead.'" *Ocasio v. United States*, No. 08-CV-1305, 2014 WL 1877668, at *1 (S.D.N.Y. May 8, 2014) (quoting *Rowe Entmt. v. William Morris Agency Inc.*, No. 98-CV-8272, 2012 WL 5464611, at *2 n. 4 (S.D.N.Y. Nov. 8, 2012)); *see Anderson v. New York*, No. 07-CV-9599, 2012 WL 4513410, at *4 (S.D.N.Y. Oct. 2, 2012). Here, JPOE has provided no reason why the alleged fraud committed by Plaintiffs could not have been brought to the Court's attention within

one year of the entry of the March 21, 2013 Orders. *See LinkCo, Inc. v. Akikusa*, 615 F. Supp. 2d 130, 139 (S.D.N.Y. 2009) (stating that the action could not proceed under Rule 60(d)(3) because, *inter alia*, the plaintiff could have uncovered the defendant's fraudulent scheme within the one year of the final judgment and "brought it to the Court's attention or filed a Rule 60(b)(3) motion"). Accordingly, JPOE's allegations of fraud are time barred. *See Ocasio*, 2014 WL 1877668, at *1 ("As Petitioner's delay in filing is inexcusable, his allegations of fraud, which properly fall under Rule 60(b)(3), may not be brought under Rule 60(d)(3)." (footnote omitted)).

Second, even if JPOE's motions were timely filed, the Court lacks jurisdiction to decide them. "Generally, a district court may properly determine a Rule 60(b)(6) motion despite the fact that the movant has already taken an appeal from the judgment from which he seeks relief." *Nichols v. Brown*, No. 09-CV-6825, 2013 WL 1703577, at *3 (S.D.N.Y. Apr. 19, 2013) (citing *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18 (1976)). However, "[a] district court has jurisdiction to consider a [Rule] 60(b) motion in a case which has been reviewed on appeal only if the motion deals with 'later events' not considered by the appellate court." *Regnante v. DiDomenico*, 175 F.3d 1008 (2d Cir. 1999) (citing *DeWeerth v. Baldinger*, 38 F.3d 1266, 1270 (2d Cir. 1994)); *see Nichols*, 2013 WL 1703577, at *3 ("[C]ourts have interpreted *Standard Oil* to permit a district court to consider a Rule 60(b)(6) motion only when 'later events' arise that were not previously considered by the appellate court.") (citing *DeWeerth*, 38 F.3d at 1270–71; *Fine v. Bellefonte Underwriters Ins. Co.*, 758 F.2d 50, 52 (2d Cir.1985), *cert. denied*, 474 U.S. 826 (1985)). "Otherwise, in the interest of finality, the 'law of the case' doctrine bars Rule 60(b)(6) relief when a motion merely attempts to argue what was or could have been finally determined on appeal." *Nichols*, 2013 WL 1703577, at *3 (citing *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982)). "The limitation on the use of Rule 60 motions as a

substitute for appeal is especially true of motions under Rule 60(b)(6)." *Eutectic Corp. v. Metco, Inc.*, 597 F.2d 32, 34 (2d Cir. 1979).

Here, JPOE has not identified any "later events" not considered by the Court of Appeals in its March 3, 2014 Summary Order or by this Court in its March 21, 2013 Orders. JPOE contends that Plaintiffs changed their position regarding WHB's standing to assert Establishment Clause claims after JPOE's motion to intervene was denied and that decision was affirmed on appeal. *See* JPOE Mots. at 1-3. As discussed, however, the Utilities challenged WHB's standing to raise Establishment Clause claims in the Verizon Action well before Judge Wexler denied JPOE's motion to intervene. *See* Verizon Action DE 62-63; 73-9. Even assuming Plaintiffs did change their position on the standing issue, this fact does not qualify as a "later event," as JPOE admits that "the position now asserted by Verizon is ***the same position that JPOE itself consistently advanced in support of its application for intervention*** in these matters" – both before this Court and the Court of Appeals. JPOE Mots. at 2 (emphasis supplied). Thus, it is clear that JPOE is simply attempting to rework an issue which it admits was previously litigated on appeal. *See Manolis v. Brecher*, No. 11-CV- 2750, 2015 WL 1943119, at *1 (S.D.N.Y. Apr. 14, 2015); *Nichols*, 2013 WL 1703577, at *3 (noting that the petitioner's Rule 60(b)(6) "motion is simply a vehicle for arguments more appropriately made on appeal"). Accordingly, the Court lacks jurisdiction over JPOE's motions.

Finally, the Court observes that, in any event, JPOE has not presented the Court with any "exceptional circumstances" under which Rule 60(b)(6) relief might be available. *Nemaizer*, 793 F.2d at 61; *see DeWeerth*, 38 F.3d at 1272 (stating that Rule 60(b)(6) is only "'properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship'" (quoting *Matarese*, 801 F.2d at 106)); *accord United Airlines*, 588 F.3d at 176;

7

*Marrero Pichardo*, 374 F.3d at 55. The Court of Appeals expressly noted in the March 3, 2014 Summary Order that "[t]he record makes clear several reasons for the district court's ruling" denying JPOE's motion to intervene, only one of which was that "JPOE and the municipal defendants make the same arguments and have the same objective." *Verizon*, 556 F. App'x at 52. JPOE has simply failed to point to any "exceptional circumstances" which justify disturbing this ruling.

    For the foregoing reasons, JPOE's motions are DENIED.

                                            **SO ORDERED.**

Dated: Central Islip, New York
         September 30, 2015

                                          /s/ A. Kathleen Tomlinson
                                          A. KATHLEEN TOMLINSON
                                          U.S. Magistrate Judge